UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JILL RAPIER, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:07-cv-0798-RLY-WTL |
| ) | | |
| CAPITAL ONE AUTO FINANCE, INC., ) | | |
| Defendant. ) | | |

**ENTRY ON DEFENDANT'S MOTION TO TRANSFER VENUE**

Before the court is Defendant's Motion to Transfer Venue to the Eastern District of Texas. For the reasons set forth below, Defendant's motion is hereby **DENIED**.

**I.    Background**

Capital One Auto Finance, Inc. ("COAF") is a financial services company that markets a variety of financial products and services including auto loans. (Affidavit of Amy Girman ("Girman Aff.") ¶ 5). COAF does not have offices in Indiana; however, it has employees who work and reside in Indiana. (*Id*. ¶ 6). COAF is headquartered in Plano, Texas. (*Id*. ¶ 7).

Plaintiff, Jill Rapier ("Plaintiff"), worked for COAF from April 2001 to December 2005 as an Area Sales Manager ("ASM"). (Declaration of Jill Rapier ("Rapier Dec.") ¶ 1). Plaintiff's job consisted of driving to car dealerships around the state and soliciting the dealerships to offer Capital One financing to individual car buyers. (*Id*.). Plaintiff was one of COAF's top grossing salespersons. (*Id*. ¶ 6). With base salary and

commissions, Plaintiff earned about $180,000 per year. (*Id.* ¶ 2). During most of her employment with COAF, she worked out of her house in Fishers, Indiana. (*Id.* ¶ 3).

Plaintiff's then husband, Dave Rapier ("Dave"), also worked for COAF. (*Id.* ¶ 7). Dave received a promotion to Regional Sales Manager ("RSM") in May of 2003 and relocated to Charlotte, North Carolina. (*Id.* ¶ 8; Girman Dec. ¶ 10). At that same time, Plaintiff requested a transfer to South Carolina to be near him. (Rapier Dec. ¶ 8; Girman Dec. ¶ 10). Jeff Haymore ("Haymore"), Senior Director of Sales, granted Plaintiff's request. (Girman Dec. ¶ 10).

In August 2004, Plaintiff requested a transfer from South Carolina to Indiana. (*Id.* at ¶ 12). Amy Girman ("Girman"), Senior Human Resources Specialist; Thomas Dallam ("Dallam"), Vice President of Human Resources; Mike England ("England"), RSM for the Northeast; and Steve Rosato ("Rosato"), Senior Director of Sales, were involved in the decision to transfer Plaintiff back to Indiana. (*Id.*).

In May 2005, Plaintiff requested a transfer from Indiana to North Carolina to be near Dave. (*Id.* ¶ 15). Haymore denied this request in part due to COAF's anti-nepotism policy. (Rapier Dec. ¶ 8; Girman Dec. ¶ 15). Plaintiff discussed this decision with Ponnette Smith ("Smith"), Senior Human Resources Specialist. (Girman Dec. ¶ 16; Rapier Dec. ¶ 10). She alleges she also "complained of sex discrimination to every RSM under whom I ever served, Jonathon Latham, Mark Marriott, Whitney Midkiff, John Gaffney, and Mike England." (Rapier Dec. ¶ 10).

In December 2005, Dave went to California for a meeting of COAF's RSMs, and

Plaintiff accompanied him. (Girman Dec. ¶ 18). After dinner one evening, Plaintiff confronted Haymore regarding his refusal to allow her to transfer to North Carolina. (Rapier Dec. ¶ 12). Dave approached them and, after a brief conversation, Haymore refused to change his decision. (*Id.*; Girman Dec. ¶ 18). Plaintiff, believing that Dave did not defend her sufficiently, became angry at Dave. (Girman Dec. ¶ 18). The situation escalated, with the two allegedly shouting obscenities at one another. (*Id.*). Jonathan Latham ("Latham"), an RSM, overheard their argument and complained to human resources. (Rapier Dec. ¶ 16). Plaintiff and Dave were eventually terminated from their positions with COAF due to their allegedly inappropriate conduct at that dinner. (*Id.*).

Following her termination, Plaintiff moved into a family member's home in Virginia Beach, Virginia, but continues to own two homes in Fishers, Indiana. (Rapier Dec. ¶ 4). Plaintiff votes in Indiana, her cars are registered in Indiana, and she maintains a driver's license in Indiana. (*Id.*). Plaintiff intends to return to Indiana no later than May 2008, when the lease on one of her homes in Fishers expires. (*Id.* ¶ 5).

Plaintiff filed suit against COAF on June 21, 2007, alleging gender discrimination and retaliation. On August 27, 2007, COAF filed the instant motion to transfer venue to the Eastern District of Texas, Sherman Division.

**II.   Discussion**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer under

§ 1404(a) is appropriate where the moving party establishes that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mutual Auto Ins. Co. v. Bussell*, 939 F.Supp. 646, 650 (S.D.Ind. 1996). It is undisputed that venue is proper in both the Southern District of Indiana and the Eastern District of Texas. The court will therefore only address the third factor for appropriate transfer.

Section 1404(a) does not indicate the relative weight to be accorded to each factor. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The district court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen*, 376 U.S. at 622 (1964)). Considering the factors set out in § 1404(a) and the particular circumstances of the case, the moving party has the burden of proving "that the transferee forum is clearly more convenient." *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F.Supp. 646, 651 (S.D. Ind. 1996).

In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider the private interests of the parties. These include: (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling

witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties – specifically, their respective residences and abilities to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill. 1995). The court will begin its discussion with the Plaintiff's choice of forum.

### A. Convenience of the Parties

#### 1. Plaintiff's Choice of Forum

In considering the convenience of the parties, "the plaintiff's choice of forum is entitled to some weight." *State Farm*, 939 F.Supp. at 651. COAF contends that Plaintiff's choice of forum should not be given weight because she currently lives in Virginia. *See id.* (when plaintiff chooses a forum outside her "home turf," plaintiff's choice of forum is entitled to little weight).

Plaintiff testified that she is actively looking for employment in Indiana. Plaintiff maintains two homes in Fishers, Indiana, and intends to return to Indiana no later than May 2008, when the lease on one of her homes expires. Plaintiff maintains an Indiana driver's license, her cars are registered in Indiana, and she votes in elections held in Indiana. Given this evidence, the court finds that Plaintiff is a resident of Indiana. Accordingly, Plaintiff's choice of forum in the Southern District of Indiana is entitled to deference.

#### 2. Situs of Material Events

Regarding the next relevant factor, COAF contends that the situs of the material

events occurred outside of Indiana.  For example, she was terminated due to the events that transpired in California, and the investigation into the same occurred in Plano, Texas, the situs of COAF's Human Resources office.  COAF neglects to consider the fact that at the time of Plaintiff's termination, she resided in Indiana and, indeed, worked from her home in Indiana.  The court therefore finds that the situs of material events does not favor either party.  The court's discussion regarding the convenience of the witnesses is discussed in Section II.B.

### 3. Ease of Access to Sources of Proof

With respect to the third factor, COAF points to the fact that this is an employment discrimination lawsuit, and involves personnel records which evidence certain employment decisions made by COAF.  Because these records are located in Plano, Texas, COAF contends that the parties could more easily access those documents for trial if this case were transferred to Texas.  The court does not agree.  Such records can easily be photocopied and mailed.  The court therefore finds that the "ease of access" prong does not weigh for or against either party.

### 4. Convenience of the Parties

With respect to the final factor under the private interests of the parties analysis, the court should consider the parties' respective residences and abilities to bear the expense of a trial in a particular forum.  *CMG Worldwide, Inc. v. Milton H. Greene Archives, LLC*, No. 1:05-cv-415-RLY-TAB, 2005 WL 2175523, at *4 (S.D. Ind. Sept. 6, 2005); 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3849 at 408

(2d ed. 1986).

In this case, Plaintiff filed suit in her home forum, the Southern District of Indiana. COAF seeks to transfer this case to its home forum in the Eastern District of Texas. The parties have failed to provide the court with any evidence demonstrating that they would be unable to bear the expense of trial or that financial hardship would result if they were required to litigate this case outside their home forums. The residences of the parties does not weigh for or against transfer: Plaintiff resides in this district and COAF resides in the Eastern District of Texas. In either forum, one party will have the convenience of litigating in its home forum. Taking into account the deference the court must give Plaintiff's choice of forum, COAF has failed to meet its burden to show that transferring the case is clearly more convenient for the parties.

      **B.**    **Convenience of the Witnesses**

The next relevant factor is the convenience of the witnesses, a factor often found by the courts to be the most significant of the three factors considered under Section 1404(a). *Somers v. Flash Tech. Corp. of Am.*, No. IP 455-C-B/S, 2000 WL 1280314, at * 3 (S.D. Ind. Aug. 25, 2000). "This analysis is not merely a numbers game: what is significant is the substance and materiality of potential witnesses' testimony." *Id*.

With respect to this factor, COAF submits that the convenience of the witnesses weighs in its favor, as some of its witnesses live in Texas. The evidence submitted by the parties reflects that all of the potential witnesses, except England, reside in other states. Plaintiff's former husband, Dave, resides in Virginia Beach, Virginia; Haymore resides in

Charlotte, North Carolina; and Smith and Latham reside in Richmond, Virginia. Dallam, Girman and Heideman reside in Plano, Texas; non-party witness Rosato[1] resides in Plano, Texas; and non-party witness Rodriguez resides in Concord, North Carolina. As the potential witnesses will have to travel either to Indiana or to Texas for purposes of this trial, the court finds this factor does not favor either party. COAF has therefore failed to carry its burden of showing that transfer of the case is more convenient for the witnesses.

    **C.    Interest of Justice**

The final factor "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Espino v. Top Draw Freight Sys., Inc.*, 713 F.Supp. 1243, 1245 (N.D.Ill. 1989). Interest of justice considerations include the likelihood of an earlier trial, and "the desirability of resolving controversies in their locale." *See Morris v. Am. Bioscience, Inc.*, No. 03 C 7525, 2004 WL 2496496, at *4 (N.D. Ill. Nov. 3, 2004).

COAF cites to the Judicial Caseload Profile for the proposition that if this case were transferred to the Eastern District of Texas, Plaintiff's case would likely proceed to trial eight months earlier than if her case remained in the Southern District of Indiana. *See* Defendant's Ex. D. While that may be the case, the court finds that Plaintiff, an Indiana resident at all relevant times, has a strong interest in resolving her gender discrimination and retaliation claims in Indiana. The court therefore finds that the interest of justice does not weigh in favor of either party. As such, COAF has failed to

---

[1] Rosato and Rodriguez are no longer employed by COAF.

carry its burden of showing that transfer of the case is in the interest of justice.

## III. Conclusion

Considering the convenience to the parties and witnesses, the interest of justice, and Plaintiff's choice of forum in this court, Defendant has failed to meet its burden of showing that transferring this matter to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) is clearly more convenient. Defendant's motion to transfer venue (Docket # 11) is therefore **DENIED**.

**SO ORDERED** this 22nd day of October 2007.

                                            _____
                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana

Electronic copies to:

Susan G. Gainey
KIGHTLINGER & GRAY
sgainey@k-glaw.com

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com